## Case Information

DC-16-11405 | LAYLA JENNINGS vs. METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, et al

| Case Number | Court | File Date |
| --- | --- | --- |
| DC-16-11405 | 191st District Court | 09/08/2016 |
| Case Type | Case Status | |
| MOTOR VEHICLE ACCIDENT | OPEN | |

## Party

PLAINTIFF
JENNINGS, LAYLA VANESSA

Address
1595 N. Central Expressway
N/A
Richardson TX 75080

Lead Attorney ▼

Lead Attorney
AVANT, ANJEL K
Retained

Work Phone
972-705-9600

Fax Phone
972-705-9601

DEFENDANT
METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

Address
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEMS
1999 BRYAN STREET SUITE 900
DALLAS TX 75201



Active Attorneys ▼

Lead Attorney
CONDER, DENNIS D
Retained

Work Phone
214-748-5000

Fax Phone
214-748-1421

DEFENDANT
METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY

Aliases
*DBA* METLIFE AUTO & HOME
Address
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEMS
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

Active Attorney ▼
Lead Attorney
CONDER, DENNIS D
Retained

Work Phone
214-748-5000

Fax Phone
214-748-1421

# Events and Hearings

09/08/2016 NEW    ...

09/08/2016 ORIGINAL PETITION ▼

Civil Case Information Sheet signed p.1

Original Petition & Request for Disclosure

Comment
Petition

09/08/2016 ISSUE CITATION ▼

ISSUE CITATION

ISSUE CITATION

09/12/2016 CITATION ▼

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
09/16/2016
Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
09/16/2016
Comment
ATTY

09/16/2016 RETURN OF SERVICE ▼

Metropolitan Lloyds.pdf

Comment
METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS - CITATION RETURN

09/16/2016 RETURN OF SERVICE ▼

Metropolitan Property.pdf

Comment
METROPOLITAN PROPERTY AND CASUALTY INSURANCE CO - CITATION RETURN

10/03/2016 ORIGINAL ANSWER - CITATION RETURN/GENERAL ▼

Metropolitan Lloyds Insurance Company of Texas.pdf

10/03/2016 ORIGINAL ANSWER - CITATION RETURN/GENERAL ▼

Metropolitan Property & Casualty Insurance Company

03/07/2013 AMENDED PETITION ▼

First Amended Petition signed.pdf

Comment:
**PLAINTIFFS 1ST**

## Documents

Civil Case Information Sheet Signed.pdf

Original Petition & Req. f. Disc. Signed.pdf

ISSUE CITATION

CORP CITATION

Defendant Citation.pdf

Metropolitan Property Ins...

Metropolitan Property Ins. for certified.pdf

Metropolitan Property Ins. for return ser.pdf

First Amended Petition signed.pdf

FILED
DALLAS COUNTY
9/8/2016 3:55:37 PM
FELICIA PITRE
DISTRICT CLERK

2 CT-ATTY

DC-16-11405                                                    Freeney Anita

CAUSE NO. _____

| | | |
|---|---|---|
| LAYLA VANESSA JENNINGS | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |
| VS. | § | |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS and | § | |
| METROPOLITAN PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | J-191ST |
| d/b/a METLIFE AUTO & HOME | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DECLARATORY JUDGMENT, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff LAYLA VANESSA JENNINGS and for cause of action against

Defendants METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS and

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a

METLIFE AUTO & HOME, and, in support, would show the Court, as follows:

**I.**
## DISCOVERY CONTROL PLAN

1.     Plaintiff requests discovery is to be conducted under Level 3 Scheduling Order &

Discovery Control Plan.

**II.**
## PARTIES

2.     Plaintiff LAYLA VANESSA JENNINGS is a resident of Dallas County, Texas. The last

three digits of her Texas Driver's License are: 522. The last three digits of her Social Security

Number are: 594.

3.     Defendant **METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS** is a

domestic insurance company and may be served through its registered agent for service: **CT**

Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a

METLIFE AUTO & HOME is a foreign insurance company and may be served through its

registered agent for service: CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas,

Texas 75201-3136.

### III.
### VENUE AND JURISDICTION

5.      This Court has jurisdiction over the parties and venue in Dallas County, Texas, because

the incident giving rise to this lawsuit occurred in Dallas County, Texas and the damages sought

by Plaintiff are within the jurisdictional limits of this Court.

### IV.
### FACTUAL BACKGROUND

6.      On April 23, 2015, Amar Khalaf struck the rear of Layla Jennings' vehicle, which was

stopped at a red light on Campbell Road at N. Collins Road in Richardson, Texas. Mr. Khalaf

then left the scene before police arrived, without providing his driver's license information, and

then refused to respond to the investigating officer's attempts to reach him. Mr. Khalal was cited

for failure to control his speed and driving without a license. The collision was the proximate

cause of the injuries, and damages at issue in this case.

7.      At the time of the collision, the vehicle driven by Amar Khalaf was owned by Park Place

Motorcars of Texas, Inc. Damages sustained by Ms. Jennings in the collision were covered by

Mr. Khalaf's auto policy through Progressive Insurance for $50,000.00. Ms. Jennings' damages

were also covered by Park Place's auto policy through Universal Underwriters Insurance

Company of Texas for an additional $30,000.00.

8.      Also at the time of the collision, Layla Jennings was covered by her own auto policy

through Metropolitan Lloyds Insurance Company of Texas and Metropolitan Property and Casualty Insurance Company d/b/a Metlife Auto & Home (hereinafter "MetLife"). That policy contained coverage for damages to Ms. Jennings exceeding Mr. Khalf and Park Place's policy limits pursuant to an under-insured motorist provision contained in the MetLife policy. The underinsured coverage available for Ms. Jennings' damages on the MetLife policy is limited to $100,000.00.

9.      Damages sustained by Ms. Jennings in the collision at issue exceed the insurance proceeds available through Mr. Khalif and Park Place.

10.      Ms. Jennings timely notified MetLife of Texas of the collision. Ms. Jennings obtained written permission from MetLife to accept the policy limits tendered by Mr. Khalif and Park Place. Ms. Jennings timely filed an underinsured motorist damage claim with MetLife for the damages exceeding the insurance proceeds available through Mr. Khalif and Park Place.

11.      Despite Ms. Jennings' compliance with all conditions precedent, MetLife has refused to pay Ms. Jennings' underinsured damages in breach of its contract to do so.

12.      Also at the time of the collision at issue, Ms. Jennings auto policy with MetLife contained a Personal Injury Provision (PIP), which provided no-fault coverage up to $2,500.00 for Ms. Jennings' medical expenses and lost income caused by the collision at issue.

13.      Despite Ms. Jennings' compliance with all conditions precedent, MetLife has refused to pay Ms. Jennings' PIP damages in breach of its contract to do so.

V.

### COLLISION CAUSED BY THE NEGLIGENCE OF AMAR KHALAF

14.      The impact that is the basis of this suit was proximately caused by the negligence of Amar Khalaf in that he failed to exercise ordinary care or act as a reasonably prudent driver

would have acted under the same or similar circumstances, as follows:

    a.    In failing to maintain a safe distance from Plaintiff's vehicle;

    b.    In demonstrating driver inattention;

    c.    In operating his vehicle at a speed greater or slower than is reasonable and prudent under the circumstances;

    d.    In failing to take appropriate evasive action to avoid colliding with another vehicle;

    e.    In failing to keep the vehicle he was driving under proper control;

    f.    In failing to maintain a proper lookout while operating a motor vehicle

    g.    In failing to timely and properly apply his brakes;

    h.    In failing to operate a vehicle as a reasonably prudent driver would under the same or similar circumstances.

15.    Each of the foregoing negligent acts and/or omissions, individually or in combination, proximately caused the injuries and damages that are the basis of this lawsuit.

## VI.

## PETITION FOR DECLARATORY RELIEF

16.    Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant MetLife at the time of the collision, Plaintiff seeks a declaratory judgment pursuant to Tex.Civ.Prac. & Rem. Code Ch. 37.

17.    Plaintiff seeks a declaration construing the contract of insurance and declaring Plaintiff's rights and obligations under the contract.

18.    Specifically, Plaintiff seeks a finding that Amar Khalaf was an *underinsured* motorist, that Plaintiff is entitled to recover from Defendant MetLife Plaintiff's both PIP damages in the amount of $2,500.00, as well as damages exceeding the $80,000.00 in coverage available through Amar Khalaf and Park Place's policies, that Plaintiff's damages fall within the coverage

afforded Plaintiff under the policy with Defendant MetLife, and specifying the amount of all damages, attorney's fees, interest, and court costs that Defendant MetLife is obligated to pay.

## VII.

### CONDITIONS PRECEDENT

19.    Having determined that Amar Khalaf was at the time of the occurrence described above, an underinsured driver as the term is defined in the policy of insurance, Plaintiff timely and properly notified Defendant MetLife. Plaintiff has fully complied with all the conditions of the above-mentioned insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Nevertheless, Metlife has failed and refused, and still fails and refuses, to pay Plaintiff's underinsured and PIP benefits under this policy as it is contractually required to do so.

## VIII.

### ATTORNEY FEES

20.    As a result of Defendant Metlife's breach of contract, Plaintiff was required to engage the services of the AVAT LAW FIRM. Plaintiff, therefore, seeks reimbursement of reasonable attorney's fees, inasmuch as Plaintiff has been required to employ the undersigned attorney to file and prosecute this suit.

## IX.

### REQUEST FOR DISCLOSURE

21.    Plaintiff serves with this *Original Petition, Request for Declaratory Judgment, and Request for Disclosure*, pursuant to the Texas Rules of Civil Procedure 194. Plaintiff requests that Defendants METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS and METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a

METLIFE AUTO & HOME provide full and complete responses to all sub-parts delineated in

TRCP 194.2 to the undersigned counsel on or before fifty (50) days from service of this Original

Petition.

## X.

## DISCOVERY SERVED WITH PETITION

22.     This is to give notice to the Defendants and Defendants' counsel that, attached to this

Original Petition and being served herewith are:

> *a.)*     *Plaintiff's First Set of Interrogatories Directed to Defendant METROPOLITAN*
> *LLOYDS INSURANCE COMPANY OF TEXAS;*
>
> *b.)*     *Plaintiff's First Set of Interrogatories Directed to Defendant METROPOLITAN*
> *PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a METLIFE*
> *AUTO & HOME;*
>
> *c.)*     *Plaintiff's First Requests for Production of Documents Directed to Defendant*
> *METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS; and*
>
> *d.)*     *Plaintiff's First Requests for Production of Documents Directed to Defendant*
> *METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY*
> *d/b/a METLIFE AUTO & HOME.*

Defendants are hereby requested to serve on the undersigned counsel true and complete

responses to all written discovery requests within fifty (50) days of service.

## XI.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants

METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS and METROPOLITAN

PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a METLIFE AUTO & HOME

be served with this Original Petition, Request for Declaratory Judgment, and Request for

Disclosure, Plaintiff's First Set of Interrogatories, and Plaintiff's First Request for Production,

and that after final trial or hearing of this cause, Plaintiff recover from Defendants:

1. All economic and noneconomic damages, liquidated and unliquidated, in an amount within the jurisdictional limits of this Court;

2. Prejudgment and Post-judgment interest at the maximum rate allowed by law;

3. Costs of suit;

4. Attorney Fees; and

5. Such other and further relief, in law or equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**AVANT LAW FIRM**

*Anjel K. Avant*

Anjel K. Avant
State Bar No. 01448470
1595 N. Central Expressway
Richardson, Texas 75080
anjel@avantlawfirm.com
972-705-9600 phone
972-705-9601 fax
anjel@avantlawfirm.com
**ATTORNEY FOR PLAINTIFF**

*(handwritten) GC4653*

*(handwritten) 9-15-16      8:50  PM*

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

*(handwritten) WSLTM INTERROGATORIES & PRODUCTION OF DOCUMENTS*

**ATTY**

**CITATION**

To:

METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY D/B/A
METLIFE AUTO & HOME
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEMS
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

**DC-16-11405**

**LAYLA VANESSA JENNINGS**
vs.
**METROPOLITAN LLOYDS
INSURANCE COMPANY OF TEXAS, et
al**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 191st District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **LAYLA VANESSA JENNINGS**

Filed in said Court **8th day of September, 2016** against

**METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS & METROPOLITAN
PROPERTY & CASUALTY INSURANCE COMPANY D/B/A METLIFE AUTO & HOME**

For Suit, said suit being numbered **DC-16-11405**, the nature of which demand is as follows: Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 12th day of September, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
ALEXANDER OPLAND

**ISSUED THIS**
**12th day of September, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ALEXANDER OPLAND, Deputy

**Attorney for Plaintiff**
ANJEL K AVANT
1595 N CENTRAL EXPRESSWAY
RICHARDSON TX 75080
972-705-9600

# OFFICER'S RETURN

Case No. DC-16-11405

Court No 191st District Court

Style LAYLA VANESSA JENNINGS

vs.

METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, et al

Came to hand on the _____ day of _____ 20 16 _____ at _____ o'clock _____ M. Executed at _____

within the County of _____ at _____ o'clock _____ M. on the _____ day _____

20 16 _____ by delivering to the within named _____

_____

_____

_____

_____

| | | |
|---|---|---|
| For serving Citation | $ _____ | |
| For Mileage | $ _____ | |
| For Notary | $ _____ | |

Must be verified if served outside the State of Texas.

Signed and sworn to by the said _____ before me this _____ day of _____

to certify which witness my hand and seal of office

_____

_____

_____ County,

By _____ Deputy

20 _____

_____

Notary Public _____ County

FILED
DALLAS COUNTY
10/3/2016 3:55:59 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-16-11405

| | | |
|---|---|---|
| LAYLA VANESSA JENNINGS | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | 191ST JUDICIAL DISTRICT |
| COMPANY OF TEXAS and | § | |
| METROPOLITAN PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| d/b/a METLIFE AUTO & HOME, | § | |
| | § | |
| Defendants | § | DALLAS COUNTY, TEXAS |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, a Defendant in the above-entitled and numbered cause, and files this its Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant Metropolitan Lloyds Insurance Company of Texas denies all and singular, each and every allegation contained in Plaintiffs' Original Petition and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSE

Pleading further in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant Metropolitan Lloyds Insurance Company of Texas alleges the following affirmative defenses:

---

**DEFENDANT METROPOLITAN GENERAL INSURANCE COMPANY'S ORIGINAL ANSWER – Page 1**

a.      Defendant Metropolitan Lloyds Insurance Company of Texas would show that there are contractual provisions with which Plaintiff Layla Vanessa Jennings has failed to comply. Specifically, Plaintiff Layla Vanessa Jennings has failed to establish that there are damages to which she is legally entitled to recover from the owner or operator of an underinsured/uninsured motor vehicle.

b.      Defendant Metropolitan Lloyds Insurance Company of Texas is entitled to a credit or offset for the amount of any liability settlement and personal injury protection benefits already received by Plaintiff. Specifically, Defendant Metropolitan Lloyds Insurance Company of Texas has paid the personal injury protection benefit limits of $2,500.00 and denies Plaintiff's allegations that such payment has not been made, and Defendant Metropolitan Lloyds Insurance Company of Texas has breached the contract.

c.      Defendant Metropolitan Lloyds Insurance Company of Texas further asserts that the Plaintiff Layla Vanessa Jennings's medical damages, if any, should be subject to the provisions of § 41.0105 et seq of the Texas Civil Practice and Remedies Code.

d.      Further, to the extent Plaintiff Layla Vanessa Jennings seeks recovery of lost wages, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, this Defendant relies on Texas Civil Practice & Remedies Code §18.091(a) and (b) in requiring Plaintiff Layla Vanessa Jennings to prove the loss, if any, in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law and that the Court instruct the jury as to whether the recovery, if any, for compensatory damages sought by Plaintiff Layla Vanessa Jennings subject to federal or state income taxes.

e.      Further, Plaintiff Layla Vanessa Jennings is not entitled to a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code Ch. 37. Plaintiff claims that the amount of damages,

attorney's fees, interest, and court costs should be determined pursuant to the Texas Declaratory Judgment Act. Defendants also deny that Plaintiff is entitled to recover attorney's fees under the Texas Declaratory Judgment Act.

f.     Plaintiff Layla Vanessa Jennings has not satisfied the conditions precedent to seek declaratory and injunctive relief under the policy of insurance issued by Defendant.

WHEREFORE, PREMISES CONSIDERED, Defendant Metropolitan Lloyds Insurance Company of Texas prays that the Plaintiff Layla Vanessa Jennings take nothing against this Defendant, and that this Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant Metropolitan Lloyds Insurance Company of Texas may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By: _____
    Dennis D. Conder
    State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of _October_____, 2016, a copy of the foregoing was delivered via certified mail, return receipt requested, to counsel for Plaintiff.

_____
Dennis D. Conder

PAN/PLDG/574715.1/001466.16931

---

**DEFENDANT METROPOLITAN GENERAL INSURANCE COMPANY'S ORIGINAL ANSWER – Page 3**

FILED
10/3/2016 3:57:15 PM
DALLAS COUNTY  FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-16-11405

| | | |
|---|---|---|
| LAYLA VANESSA JENNINGS | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | 191ST JUDICIAL DISTRICT |
| COMPANY OF TEXAS and | § | |
| METROPOLITAN PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| d/b/a METLIFE AUTO & HOME, | § | |
| | § | |
| Defendants | § | DALLAS COUNTY, TEXAS |

## DEFENDANT METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a MET LIFE AUTO & HOME'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Property and Casulaty Insurance Company d/b/a MetLife Auto & Home, a Defendant in the above-entitled and numbered cause, and files this its Original Answer, and in support thereof would respectfully show this Honorable Court the following:

I.

### VERIFIED DENIAL

Defendant Metropolitan Property and Casulaty Insurance Company d/b/a MetLife Auto & Home, pursuant to Rule 93(2) and (4) of the Texas Rules of Civil Procedure, files this Verified Denial, stating that Metropolitan Property and Casulaty Insurance Company d/b/a MetLife Auto & Home is not liable in the capacity in which it is sued. Furthermore, Defendant Metropolitan Property and Casulaty Insurance Company d/b/a MetLife Auto & Home states that there is a defect of parties and that it is not a proper party to this proceeding.

## II. GENERAL DENIAL

Defendant Metropolitan Property and Casulaty Insurance Company d/b/a MetLife Auto & Home denies all and singular, each and every allegation contained in Plaintiffs' Original Petition and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

## III. AFFIRMATIVE DEFENSE

Pleading further in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Metropolitan Property and Casulaty Insurance Company d/b/a MetLife Auto & Home alleges the following affirmative defenses:

a.   Metropolitan Property and Casulaty Insurance Company d/b/a MetLife Auto & Home would show that there are contractual provisions with which Plaintiff Layla Vanessa Jennings has failed to comply.  Specifically, Plaintiff Layla Vanessa Jennings has failed to establish that there are damages to which she is legally entitled to recover from the owner or operator of an underinsured/uninsured motor vehicle.

b.   Metropolitan Property and Casulaty Insurance Company d/b/a MetLife Auto & Home is entitled to a credit or offset for the amount of any liability settlement and personal injury protection benefits already received by Plaintiff.  Specifically, Defendant Metropolitan Lloyds Insurance Company of Texas has paid the personal injury protection benefit limits of $2,500.00 and denies Plaintiff's allegations that such payment has not been made, and Defendant Metropolitan Lloyds Insurance Company of Texas has breached the contract.

c.   Metropolitan Property and Casulaty Insurance Company d/b/a MetLife Auto & Home further asserts that the Plaintiff Layla Vanessa Jennings's medical damages, if any, should be subject to the provisions of § 41.0105 et seq of the Texas Civil Practice and Remedies Code.

d.     Further, to the extent Plaintiff Layla Vanessa Jennings seeks recovery of lost wages, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, this Defendant relies on Texas Civil Practice & Remedies Code §18.091(a) and (b) in requiring Plaintiff Layla Vanessa Jennings to prove the loss, if any, in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law and that the Court instruct the jury as to whether the recovery, if any, for compensatory damages sought by Plaintiff Layla Vanessa Jennings subject to federal or state income taxes.

e.     Further, Plaintiff Layla Vanessa Jennings is not entitled to a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code Ch. 37. Plaintiff claims that the negligence, coverage issues, and the amount of damages should be determined pursuant to the Texas Declaratory Judgment Act.

f.     Plaintiff Layla Vanessa Jennings has not satisfied the conditions precedent to seek declaratory and injunctive relief under the policy of insurance issued by Defendant.

WHEREFORE, PREMISES CONSIDERED, Metropolitan Property and Casulaty Insurance Company d/b/a MetLife Auto & Home prays that the Plaintiff Layla Vanessa Jennings take nothing against this Defendant, and that this Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Metropolitan Property and Casulaty Insurance Company d/b/a MetLife Auto & Home may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By: _____
    Dennis D. Conder
    State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of October , 2016, a copy of the foregoing was delivered via certified mail, return receipt requested, to counsel for Plaintiff.

_____
Dennis D. Conder

PAN/PLDG/574716.1/001466.16931

STATE OF TEXAS         §
                       §
COUNTY OF DALLAS       §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Kathy Martin, who being by me duly sworn on her oath deposed and said that she is a representative for Metropolitan Property and Casualty Insurance Company, that she has read the foregoing Original Answer for which this Verification has been prepared; and that to her personal knowledge states the statements contained therein are true and correct.

_____
Kathy Martin

SUBSCRIBED AND SWORN TO BEFORE ME on this _3rd_ day of _October_ , 2016, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Texas

ROBERT L. BECK
Notary Public, State of Texas
My Commission Expires
May 20, 2018

CAUSE NO. DC-16-11405

| | | |
|---|---|---|
| **LAYLA VANESSA JENNINGS** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **VS.** | § | |
| | § | |
| **METROPOLITAN LLOYDS INSURANCE** | § | |
| **COMPANY OF TEXAS** | § | **191ˢᵗ JUDICIAL DISTRICT** |

### PLAINTIFF'S FIRST AMENDED PETITION
### AND REQUEST FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff LAYLA VANESSA JENNINGS and for cause of action against

Defendant METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS and, in

support, would show the Court, as follows:

**I.**
### DISCOVERY CONTROL PLAN

1.     Plaintiff requests discovery is to be conducted under Level 3 Scheduling Order &

Discovery Control Plan.

**II.**
### PARTIES

2.     Plaintiff LAYLA VANESSA JENNINGS is a resident of Dallas County, Texas. The last

three digits of her Texas Driver's License are: 522. The last three digits of her Social Security

Number are: 594.

3.  Defendant **METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS** is a

domestic insurance company and has been served and has made an appearance in this case.

**III.**
### VENUE AND JURISDICTION

4.     This Court has jurisdiction over the parties and venue in Dallas County, Texas, because

the incident giving rise to this lawsuit occurred in Dallas County, Texas and the damages sought by Plaintiff are within the jurisdictional limits of this Court.

## IV.
## FACTUAL BACKGROUND

5.      On April 23, 2015, Amar Khalaf struck the rear of Layla Jennings' vehicle, which was stopped at a red light on Campbell Road at N. Collins Road in Richardson, Texas. Mr. Khalaf then left the scene before police arrived, without providing his driver's license information, and then refused to respond to the investigating officer's attempts to reach him. Mr. Khalal was cited for failure to control his speed and driving without a license. The collision was the proximate cause of the injuries, and damages at issue in this case.

6.      At the time of the collision, the vehicle driven by Amar Khalaf was owned by Park Place Motorcars of Texas, Inc. Damages sustained by Ms. Jennings in the collision were covered by Mr. Khalaf's auto policy through Progressive Insurance for $50,000.00. Ms. Jennings' damages were also covered by Park Place's auto policy through Universal Underwriters Insurance Company of Texas for an additional $30,000.00.

7.      Also at the time of the collision, Layla Jennings was covered by her own auto policy through Metropolitan Lloyds Insurance Company of Texas (hereinafter "MetLife"). That policy contained coverage for damages to Ms. Jennings exceeding Mr. Khalf and Park Place's policy limits pursuant to an under-insured motorist provision contained in the MetLife policy. The underinsured coverage available for Ms. Jennings' damages on the MetLife policy is limited to $100,000.00.

8.      Damages sustained by Ms. Jennings in the collision at issue exceed the insurance proceeds available through Mr. Khalif and Park Place.

9.      Ms. Jennings timely notified MetLife of the collision. Ms. Jennings obtained written

permission from MetLife to accept the policy limits tendered by Mr. Khalif and Park Place. Ms. Jennings timely filed an underinsured motorist damage claim with MetLife for the damages exceeding the insurance proceeds available through Mr. Khalif and Park Place.

10.     Despite Ms. Jennings' compliance with all conditions precedent, MetLife has refused to pay Ms. Jennings' underinsured damages in breach of its contract to do so.

11.     Also at the time of the collision at issue, Ms. Jennings auto policy with MetLife contained a Personal Injury Provision (PIP), which provided no-fault coverage up to $2,500.00 for Ms. Jennings' medical expenses and lost income caused by the collision at issue.

12.     Despite Ms. Jennings' compliance with all conditions precedent, MetLife has refused to pay Ms. Jennings' PIP damages in breach of its contract to do so.

V.

## COLLISION CAUSED BY THE NEGLIGENCE OF AMAR KHALAF

13.     The impact that is the basis of this suit was proximately caused by the negligence of Amar Khalaf in that he failed to exercise ordinary care or act as a reasonably prudent driver would have acted under the same or similar circumstances, as follows:

a.     In failing to maintain a safe distance from Plaintiff's vehicle;

b.     In demonstrating driver inattention;

c.     In operating his vehicle at a speed greater or slower than is reasonable and prudent under the circumstances;

d.     In failing to take appropriate evasive action to avoid colliding with another vehicle;

e.     In failing to keep the vehicle he was driving under proper control;

f.     In failing to maintain a proper lookout while operating a motor vehicle

g.     In failing to timely and properly apply his brakes;

h.      In failing to operate a vehicle as a reasonably prudent driver would under the same or similar circumstances.

14.     Each of the foregoing negligent acts and/or omissions, individually or in combination, proximately caused the injuries and damages that are the basis of this lawsuit.

## VI.

### PETITION FOR DECLARATORY RELIEF

15.     Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant MetLife at the time of the collision, Plaintiff seeks a declaratory judgment pursuant to Tex.Civ.Prac. & Rem. Code Ch. 37.

16.     Plaintiff seeks a declaration construing the contract of insurance and declaring Plaintiff's rights and obligations under the contract.

17.     Specifically, Plaintiff seeks a finding that Amar Khalaf was an *underinsured* motorist, that Plaintiff is entitled to recover from Defendant MetLife Plaintiff's both PIP damages in the amount of $2,500.00, as well as damages exceeding the $80,000.00 in coverage available through Amar Khalaf and Park Place's policies, that Plaintiff's damages fall within the coverage afforded Plaintiff under the policy with Defendant MetLife, and specifying the amount of all damages, attorney's fees, interest, and court costs that Defendant MetLife is obligated to pay.

## VII.

### CONDITIONS PRECEDENT

18.     Having determined that Amar Khalaf was at the time of the occurrence described above, an underinsured driver as the term is defined in the policy of insurance, Plaintiff timely and properly notified Defendant MetLife. Plaintiff has fully complied with all the conditions of the above-mentioned insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Nevertheless, Metlife has failed and refused, and still fails and

refuses, to pay Plaintiff's underinsured and PIP benefits under this policy as it is contractually required to do so.

## VIII.

## ATTORNEY FEES

19.     As a result of Defendant Metlife's breach of contract, Plaintiff was required to engage the services of the AVAT LAW FIRM. Plaintiff, therefore, seeks reimbursement of reasonable attorney's fees, inasmuch as Plaintiff has been required to employ the undersigned attorney to file and prosecute this suit.

## IX.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that after final trial or hearing of this cause, Plaintiff recover from Defendant:

1. All economic and noneconomic damages, liquidated and unliquidated, in an amount within the jurisdictional limits of this Court;

2. Prejudgment and Post-judgment interest at the maximum rate allowed by law;

3. Costs of suit;

4. Attorney Fees; and

5. Such other and further relief, in law or equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

## AVANT LAW FIRM

*Anjel K. Avant*

Anjel K. Avant
State Bar No. 01448470
1595 N. Central Expressway

Richardson, Texas 75080
anjel@avantlawfirm.com
972-705-9600 phone
972-705-9601 fax
anjel@avantlawfirm.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the forgoing was served on all counsel of record via e-mail, pursuant to the Texas Rules of Civil Procedure on this the 3rd day of October, 2016.

*Anjel K. Avant*
Anjel K. Avant