UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAYLA VANESSA JENNINGS | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **CIVIL ACTION NO.** |
| VS. | § | **3:16-cv-2864** |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS | § | |
| | § | |
| **Defendant** | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT
AND REQUEST FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff LAYLA VANESSA JENNINGS and for cause of action against

Defendant METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS and, in

support, would show the Court, as follows:

Pursuant to Fed. R. Civ. P. 15, Plaintiff's counsel conferred with Defense counsel on

November 4, 2016 regarding the filing of this amended pleading and Defense counsel responded

that has no objection.

**I**.

**PARTIES**

1.      Plaintiff LAYLA VANESSA JENNINGS is a resident of Dallas County, Texas. The last

three digits of her Texas Driver's License are: 522. The last three digits of her Social Security

Number are: 594.

2.      Defendant METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

(hereinafter "MetLife"), which has represented itself to be an unincorporated association of

underwriters whose individual underwriters are citizens of the States of Rhode Island and

Wisconsin and not residents or citizens of Texas, has been served and has made an appearance in

this case.

## II.
## VENUE AND JURISDICTION

3.      This Court has jurisdiction because the incident giving rise to this lawsuit occurred in

Dallas County, Texas, Plaintiff is a resident and citizen of Texas, MetLife has represented itself

to be an unincorporated association of underwriters whose individual underwriters are citizens of

the States of Rhode Island and Wisconsin and not residents or citizens of Texas, and the damages

sought by Plaintiff exceed $75,000.00.

## III.
## FACTUAL BACKGROUND

4.      On April 23, 2015, Amar Khalaf struck the rear of Layla Jennings' vehicle, which was

stopped at a red light on Campbell Road at N. Collins Road in Richardson, Texas. Mr. Khalaf

then left the scene before police arrived, without providing his driver's license information, and

then refused to respond to the investigating officer's attempts to reach him. Mr. Khalal was cited

for failure to control his speed and driving without a license.  The collision was the proximate

cause of the injuries, and damages at issue in this case.

5.      At the time of the collision, the vehicle driven by Amar Khalaf was owned by Park Place

Motorcars of Texas, Inc. Damages sustained by Ms. Jennings in the collision were covered by

Mr. Khalaf's auto policy through Progressive Insurance for $50,000.00. Ms. Jennings' damages

were also covered by Park Place's auto policy through Universal Underwriters Insurance

Company of Texas for an additional $30,000.00.

6.      Also at the time of the collision, Layla Jennings was covered by her own auto policy

through Metropolitan Lloyds Insurance Company of Texas (hereinafter "MetLife"). That policy

contained coverage for damages to Ms. Jennings exceeding Mr. Khalf and Park Place's policy

limits pursuant to an under-insured motorist provision contained in the MetLife policy. The

underinsured coverage available for Ms. Jennings' damages on the MetLife policy is limited to

$100,000.00.

7.      Damages sustained by Ms. Jennings in the collision at issue exceed the insurance

proceeds available through Mr. Khalif and Park Place.

8.      Ms. Jennings timely notified MetLife of the collision. Ms. Jennings obtained written

permission from MetLife to accept the policy limits tendered by Mr. Khalif and Park Place. Ms.

Jennings timely filed an underinsured motorist damage claim with MetLife for the damages

exceeding the insurance proceeds available through Mr. Khalif and Park Place.

9.      Despite Ms. Jennings' compliance with all conditions precedent, MetLife has refused to

pay Ms. Jennings' underinsured damages in breach of its contract to do so.

## IV.

## COLLISION CAUSED BY THE NEGLIGENCE OF AMAR KHALAF

10.     The impact that is the basis of this suit was proximately caused by the negligence of

Amar Khalaf in that he failed to exercise ordinary care or act as a reasonably prudent driver

would have acted under the same or similar circumstances, as follows:

    a.      In failing to maintain a safe distance from Plaintiff's vehicle;

    b.      In demonstrating driver inattention;

    c.      In operating his vehicle at a speed greater or slower than is reasonable and
            prudent under the circumstances;

    d.      In failing to take appropriate evasive action to avoid colliding with another
            vehicle;

e.      In failing to keep the vehicle he was driving under proper control;

f.      In failing to maintain a proper lookout while operating a motor vehicle

g.      In failing to timely and properly apply his brakes;

h.      In failing to operate a vehicle as a reasonably prudent driver would under the same or similar circumstances.

11.     Each of the foregoing negligent acts and/or omissions, individually or in combination, proximately caused the injuries and damages that are the basis of this lawsuit.

## V.

## PETITION FOR DECLARATORY RELIEF

12.     Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant MetLife at the time of the collision, Plaintiff seeks a declaratory judgment pursuant to Tex.Civ.Prac. & Rem. Code Ch. 37.

13.     Plaintiff seeks a declaration construing the contract of insurance and declaring Plaintiff's rights and obligations under her contract with MetLife.

14.     Specifically, Plaintiff seeks a finding that Amar Khalaf was an *underinsured* motorist, that Plaintiff is entitled to recover from Defendant MetLife Plaintiff's damages exceeding the $80,000.00 in coverage available through Amar Khalaf and Park Place's policies, that Plaintiff's damages fall within the coverage afforded Plaintiff under the policy with Defendant MetLife, and specifying the amount of all damages, attorney's fees, interest, and court costs that Defendant MetLife is obligated to pay.

## VI.

## CONDITIONS PRECEDENT

15.     Having determined that Amar Khalaf was at the time of the occurrence described above, an underinsured driver as the term is defined in the policy of insurance, Plaintiff timely and

properly notified Defendant MetLife.  Plaintiff has fully complied with all the conditions of the

above-mentioned insurance policy prior to bringing this suit.

## VII.

## ATTORNEY FEES

16.     As a result of Defendant Metlife's breach of contract, Plaintiff was required to engage the

services of the AVAT LAW FIRM.  Plaintiff, therefore, seeks reimbursement of reasonable

attorney's fees, inasmuch as Plaintiff has been required to employ the undersigned attorney to file

and prosecute this suit.

## IX.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that after final trial or

hearing of this cause, Plaintiff recover from Defendant:

1.  A Declaratory Judgment as outlined above;

2.  All economic and noneconomic damages, liquidated and unliquidated, in an
    amount within the jurisdictional limits of this Court;

3.  Prejudgment and Post-judgment interest at the maximum rate allowed by law;

4.  Costs of suit;

5.  Attorney Fees; and

6.  Such other and further relief, in law or equity, to which Plaintiff may show
    herself justly entitled.

Respectfully submitted,

**AVANT LAW FIRM**

*Anjel K. Avant*

Anjel K. Avant
State Bar No. 01448470
1595 N. Central Expressway
Richardson, Texas 75080
anjel@avantlawfirm.com
972-705-9600 phone
972-705-9601 fax
anjel@avantlawfirm.com
**ATTORNEY FOR PLAINTIFF**


## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the forgoing was served on all counsel of record via e-mail, pursuant to the Texas Rules of Civil Procedure on this the 4th day of November, 2016.

*Anjel K. Avant*

Anjel K. Avant